IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stephanie Emmerich, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11-4525 |
| Collecto, Inc., d/b/a EOS CCA, Inc., a Massachusetts corporation, and Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Stephanie Emmerich, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Stephanie Emmerich ("Emmerich"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for an AT&T account.  Defendants' collection actions took place despite the fact that she

had told the Defendants that she refused to pay the debt at issue because she did not owe it.

4.     Defendant, Collecto, Inc., d/b/a EOS CCA, Inc. ("EOS CCA"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  From its offices in Tinley Park, Illinois and elsewhere, Defendant EOS CCA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant EOS CCA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Enhanced Recovery Company ("Enhanced"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Enhanced operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Enhanced was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendants EOS CCA and Enhanced are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, both EOS CCA and Enhanced conduct business in Illinois.

7.      Moreover, Defendants EOS CCA and Enhanced are each licensed as a debt collection agency in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, both EOS CCA and Enhanced act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

8.      In the Spring of 2010, Ms. Emmerich signed up for service with AT&T U-Verse, which service she cancelled because she moved.  AT&T repeatedly botched Ms. Emmerich's notice to them that she was cancelling, and repeatedly misinformed her about what needed to be done to cancel her service.  AT&T then wrongly claimed that Ms. Emmerich owed it $655 and eventually turned her account over to a debt collector for collection of this bogus debt.

9.      On September 23, 2010, a debt collector for AT&T, NCO Financial Systems, sent Ms. Emmerich an initial form collection letter demanding payment of the debt.  A copy of this collection letter is attached as Exhibit <u>C</u>.

10.     Accordingly, via letter, dated October 1, 2010, Ms. Emmerich informed AT&T, through its agent, NCO, that she disputed owing this debt and refused to pay the debt.  A copy of this dispute letter is attached as Exhibit <u>D</u>.

11.     Nonetheless, despite AT&T being advised, through its agent, that Ms. Emmerich refused to pay the debt, Defendant EOS CCA sent Ms. Emmerich a collection letter, date December 29, 2010, which demanded payment of the bogus AT&T debt.  A copy of this collection letter is attached as Exhibit <u>E</u>.

12.     Moreover, on or about December 30, 2010, A debt collector from Defendant EOS CCA called Ms. Emmerich to demand that she pay the AT&T debt.

3

Ms. Emmerich told Defendant EOS CCA's debt collector that she did not owe the debt and that she refused to pay it. Moreover, she reiterated her position to EOS CCA in a letter, dated January 10, 2011, which set out in detail her dispute and refusal to pay, and which referred EOS CCA back to her prior dispute with the first debt collector, NCO. A copy of this dispute letter is attached as Exhibit F.

13. Defendant EOS CCA then sent Ms. Emmerich a letter dated, March 1, 2011, as alleged "validation" of the AT&T debt, but which merely contained a self serving account statement regarding the bogus AT&T debt. A copy of this letter is attached as Exhibit G.

14. Accordingly, on March 8, 2011, Ms. Emmerich again wrote to Defendant EOS CCA to re-iterate that she did not owe, and would not pay, the AT&T debt. A copy of this letter is attached as Exhibit H.

15. Undeterred, in several telephone calls, Defendant EOS CCA's debt collectors repeatedly demanded that Ms. Emmerich pay the AT&T debt, including, but not limited to, a telephone call on March 29, 2011, with Defendant EOS CCA's debt collector "Jason", and a telephone calls on May 19, 2011, with defendant EOS CCA's debt collector, "Rashid". In fact, in addition to demanding payment, in the call with Rashid, the collector falsely stated that: the debt would be sold by the end of the month and "increased by 33%", that "you will be dealing with this matter for the rest of your life" and that not paying the debt would result in Ms. Emmerich's credit being lowered to being "one step up from bankruptcy".

16. Despite these false threats/statements, the debt was merely referred by AT&T to Defendant Enhanced for collection, which, despite her repeated refusal to pay,

sent her a collection letter, dated June 23, 2011. A copy of this letter is attached as Exhibit I.

17. The amount sought did not go up 33%, it did not lower her credit to near the level of a bankrupt and because of the statute of limitations and the rules for credit reporting, Ms. Emmerich will not be dealing with this debt for the rest of her life.

18. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to communicate with a consumer if the consumer notifies the debt collector in writing that the consumer refuses to pay the debt, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the letters from Ms. Emmerich repeatedly and explicitly told Defendants that she refused to pay the debt (Exhibit D, F, H). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violations of § 1692c(c) of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**False, Deceptive Or Misleading Collection Actions**

24. Plaintiff adopts and realleges ¶¶ 1-19. This Count II is brought against Defendant EOS CCA only.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, and the threat to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

26. Defendant EOS CCA's violations of § 1692e of the FDCPA, include, but are not limited to:

    a. demanding payment of a disputed debt;

    b. stating that the debt would be sold by the end of the month and "increased by 33%";

    c. stating that "you will be dealing with this matter for the rest of your life"; and,

    d. stating that not paying the debt would result in Ms. Emmerich's credit being lowered to being "one step up from bankruptcy".

27. Defendant EOS CCA's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

28. Plaintiff adopts and realleges ¶¶ 1-19.

29. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

30. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to, demanding payment of a disputed debt that Ms. Emmerich had repeatedly refused to pay.

31. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Stephanie Emmerich, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Emmerich, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Stephanie Emmerich, demands trial by jury.

Stephanie Emmerich,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

7

Dated: July 5, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com